**Application of SECURITIES AND EXCHANGE COMMISSION.**

No. 288.

District Court, D. Delaware.
March 30, 1943.

John F. Davis, Roger S. Foster, and Sidney H. Wilmer, all of Philadelphia, Pa., for Securities and Exchange Commission.

For the defendants:

Ayres J. Stockly, of Wilmington, Del., for defendant Columbia Oil & Gasoline Co.

Arthur G. Logan, of Wilmington, Del., for defendant Missouri-Kansas Pipe Line Co.

William H. Foulk, of Wilmington, Del., for defendant Gano Dunn.

Arthur G. Connolly, of Wilmington, Del., for defendant Charles W. Hahn.

Edwin S. Pinney, of New York City, for defendant Columbia Gas & Electric Co.

Seymour M. Heilbron, of New York City, for defendant Reicholtz et al.

KIRKPATRICK, District Judge.

A plan for the divestment of control etc., was submitted, under Section 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e), by Columbia Oil & Gasoline Corporation to the Securities and Exchange Commission and was found by the Commission to be fair and equitable. The Commission made an order approving the plan. At the request of the two Corporations involved, the Commission, still under Section 11(e), applied to this Court to enforce the terms and provisions of the plan. Meanwhile, on the petition of certain minority stockholders of Columbia Oil, the Circuit Court of Appeals of this Circuit reviewed the Commission's order and affirmed it. Pending such review this Court held the enforcement proceeding in abeyance.

A hearing upon the enforcement proceeding at which objecting stockholders were represented and in which they participated, was concluded in this Court on March 24 last. At the hearing the Commission offered certain formal proof in support of its application, including the record of the proceedings before it, all of which was received. The objectors were then required to state, in the form of offers of proof, what evidence they proposed to adduce in support of their position that this Court should not approve the plan. Objections by the Commission and the Corporation, to each and every offer of proof, were sustained.

It seems clear to me that the approval by this Court of the plan, which is a necessary prerequisite to the issuance of an enforcement order, is essentially a review proceeding. I recognize that the omission from Section 11(e) of the pro-

visions of Section 24, 15 U.S.C.A. § 79x, which give the Circuit Court of Appeals the substantial evidence rule as its measure of proof as well as power to exclude from its consideration objections and findings not presented to the Commission, furnishes some basis for the argument that the scope of the hearing before this Court is broader than that before the Circuit Court of Appeals. However, it will not be necessary for me to determine how broad it is, because the offers of proof made by the objectors at the hearing show that no evidence which they have to offer (except the proposal to prove the invalidity of the vote at the stockholders' meeting) would raise any issue not already ruled by the Circuit Court of Appeals and as to which I am not already bound by the law of the case as declared by that Court in its opinion and action affirming the Commission's order. Moreover, disregarding certain assertions too vague to be accepted as proper offers of proof, it appears that the testimony which they propose to produce is not essentially different from that on which the Circuit Court of Appeals decided those issues. Such portions of the offers as are not properly within the foregoing description are directed to facts and issues which are entirely irrelevant and could not possibly affect the question as to whether the plan was fair and equitable.

The offer to prove facts and circumstances alleged to establish the invalidity of the vote of the corporate stockholders of Columbia Oil in favor of the plan stands on a different basis from the foregoing. If I thought that a favorable vote at this election was essential to the enforcement of the plan and that without it the plan would fall by self-limitation, I would feel it necessary for me to take the testimony. However, I am entirely in accord with the views of both the Commission and the intervener, Columbia Gas, to the effect, (a) that the so-called self-limitation requiring a stockholders' election was not intended to (and did not) affect the operation of the plan, and (b) that the plan could be enforced by this Court without any vote of the stockholders.

Hardly worth considering is the contention of the objectors that the Act contemplates that they may start de novo before this Court, as in any ordinary civil action, armed with all the discovery procedure and the usual procedural remedies

available to the aggrieved minority stockholder in a stockholders' derivative suit. To so hold would embark the Court upon an inquiry, which, judging from the record in this case, could easily take a year or more and which would have to be carried out in total disregard of the review already had before the Circuit Court of Appeals. It is not conceivable that Congress intended to frustrate the beneficial policy of the Act by permitting any such impossible procedure.